UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher L. Taaffe, | Case No. 23-cv-2037 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| American Federation of Government Employees, Local 1969; Christine Schoenbechler; Scott Mattson, | |
| Defendants. | |

Defendants American Federation of Government Employees, Local 1969 ("Local 1969" or "Union"); Christine Schoenbechler and Scott Mattson (collectively, "Defendants") move to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. 23). For the reasons addressed below, the Court grants the motion.

## BACKGROUND

Plaintiff Christopher L. Taaffe was employed as a federal employee by the United States Department of Veterans Affairs ("VA") during all times relevant to this matter. Taaffe alleges that he is a veteran with a service-connected disability. Local 1969 represents bargaining unit employees at the VA facility where Taaffe works and maintains an office on the VA campus. Taaffe was a dues-paying member of Local 1969 and served as a Local 1969 steward beginning in May 2022.

In June 2022, Local 1969's then-Acting President Christine Schoenbechler allegedly instructed Taaffe to set up the Union office for his use as a steward. Because of

his disability, Taaffe requested assistance moving boxes in the Union office. Schoenbechler instructed Taaffe to deal with the boxes himself. Subsequently, Schoenbechler suspended Taaffe from his steward position. Scott Mattson became Local 1969's new President in December 2022. Taaffe informed Mattson about the incident with Schoenbechler, but Mattson allegedly failed to properly investigate or take action.

Taaffe filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in September 2022. On April 27, 2023, the EEOC issued a Notice of Right to Sue regarding the charge. Taaffe commenced this action on July 6, 2023, asserting claims under the Americans with Disabilities Act ("ADA"), the Civil Service Reform Act ("CSRA"), the Labor Management Reporting and Disclosure Act ("LMRDA"), and Minnesota law. Defendants moved to dismiss the Complaint on September 13, 2023.

## ANALYSIS

### I. Legal Standards

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal quotation omitted). When presented with a facial challenge to jurisdiction, the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). The plaintiff bears the burden of establishing subject matter

2

jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Although detailed factual allegations are not required, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must set forth enough facts to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Id*. at 570. When ruling on a motion to dismiss, the Court must accept all factual allegations as true, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

**II.     Subject Matter Jurisdiction**

The CSRA establishes a comprehensive statutory framework governing federal labor relations, including provisions making it an unfair labor practice to discriminate regarding union membership or to otherwise fail to comply with the statute. 5 U.S.C. §§ 7116(b), 7120. The CSRA has been found to provide the exclusive administrative procedures for claims premised on conduct that could be remedied through the CSRA process. *See Steadman v. Governor, U.S. Soldiers' & Airmen's Home*, 918 F.2d 963, 968 (D.C. Cir. 1990).

Here, the facts underlying Taaffe's claims involve his suspension as a union steward, arising out of his union membership. These allegations could form the basis of

3

an unfair labor practice charge under the CSRA. Although Taaffe frames his claim as an ADA violation and exhausted EEOC remedies, he cannot bypass the CSRA's exclusive procedures merely by alleging an ADA violation based on the same facts. *Steadman,* 918 F.2d 963. Therefore, the CSRA provides the exclusive administrative path for resolving Taaffe's claims related to his union membership and preempts his attempt to litigate such claims directly in federal court. Taaffe's recourse was to pursue his claims through the CSRA's procedures rather than this litigation.

### III. Failure to State a Claim under the Americans with Disabilities Act

#### A. Exhaustion of Remedies

To bring an ADA claim against a party, a plaintiff must first exhaust administrative remedies by filing a charge against that specific party with the EEOC. 42 U.S.C. §§ 12117(a), 2000e-5(e)(1); *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021).

Although Taaffe contends that he filed an EEOC discrimination charge against all defendants, his amended complaint does not actually allege that he filed charges with the EEOC against the individual defendants. Additionally, the EEOC documents submitted by Taaffe do not demonstrate that he filed a charge against the individual defendants. Because Taaffe's amended complaint lacks allegations that he filed EEOC charges against the individual defendants, and the documents he provided do not otherwise establish exhaustion as to those individuals, Taaffe failed to sufficiently allege exhaustion of administrative remedies. This warrants dismissal of the ADA claim against the individual defendants.

### B. Adverse Employment Action

To establish an ADA discrimination claim, a plaintiff must show that he suffered an adverse employment action. 42 U.S.C. § 12112(a); *Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 991 (8th Cir. 2007) (providing that a prima facie case requires showing that the person suffered an adverse employment action due to the disability).

Taaffe does not allege an employer-employee relationship with Defendant Local 1969, which represents his employer but does not directly employ him. Additionally, Taaffe does not allege that Local 1969 took any adverse action against him as his employer. Because Taaffe fails to allege an adverse employment action, he fails to state an ADA discrimination claim against Local 1969. *See Wojewski v. Rapid City Reg. Hospital, Inc.*, 450 F.3d 338, 344-45 (8th Cir. 2006). Since Taaffe does not sufficiently allege an adverse employment action, dismissal of his ADA discrimination claim against Defendant Local 1969 is warranted.

### C. Retaliation Claim

In assessing the sufficiency of a complaint under Fed. R. Civ. P 12(b)(6), the Court is limited to the allegations contained within the four corners of the complaint and cannot consider new factual allegations raised for the first time in an opposition brief. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989). Additionally, conclusory statements without supporting factual allegations are insufficient to state a plausible ADA retaliation claim. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

Taaffe's amended complaint merely alleges that he "asserted his protected disability rights" without providing details on the nature or context of the allegedly protected activity.

This conclusory statement, without supporting factual allegations, is insufficient to state a plausible ADA retaliation claim under the case law. Taaffe's new factual allegations in his opposition brief do not cure this pleading deficiency. Therefore, Taaffe fails to allege sufficient factual support in his complaint to state a plausible claim for ADA retaliation, warranting dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim in which relief can be granted.

### IV.     Immunity as Union Officers

Union officers acting in their official capacity cannot be held individually liable for conduct taken on behalf of the union. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962); *Sullivan v. Potter*, 2006 WL 785289 (D.D.C. Mar. 28, 2006).

Here, Defendants argue that the claims against Defendants Schoenbechler, Mattson and the other union officers of Local 1969 are based on actions taken in their official capacities as union representatives, such as their involvement in suspending Taaffe as union steward. Based on the *Atkinson* precedent, Defendants contend that these officers cannot be individually liable for such official conduct undertaken on behalf of Local 1969. Taaffe's citation to the *Harlow* case discussing unrelated principles of qualified immunity for government officials is not pertinent to the issue of union officer liability under *Atkinson*.

Because the claims against the named Local 1969 officers, including Schoenbechler and Mattson, as well as unnamed officers, stem from actions allegedly taken in their official union capacities, these claims seek to impose individual liability for conduct undertaken on behalf of Local 1969 as a whole. Applying the Supreme Court's holding in *Atkinson*,

6

the Court concludes that these claims against the union officers in their individual capacities warrant dismissal.

## V. Abandoned Claims

"A party's failure to respond to arguments raised in a motion to dismiss permits an inference of acquiescence to the moving party's arguments and acts as a forfeiture of the claim." *Demien Constr. v. O'Fallon Fire Protection*, 812 F.3d 654, 657 (8th Cir. 2016). When a plaintiff fails to address arguments asserted in a motion to dismiss particular claims, it indicates abandonment of those claims.

Here, Defendants moved to dismiss Taaffe's breach of contract claim, Count V, arguing it is preempted by the CSRA, and his breach of union constitution claim, Count VI for failure to state a claim. In his opposition brief, Taaffe failed to address Defendants' arguments regarding dismissal of the breach of contract and breach of union constitution claims. Taaffe left Defendants' contentions completely unaddressed. Under the Eighth Circuit's decision in *Demien Construction*, Taaffe's failure to respond to the dismissal arguments targeting these specific claims permits the Court to deem those claims abandoned and forfeited.

Because Taaffe did not oppose Defendants' motion to dismiss his breach of contract and breach of union constitution claims despite Defendants presenting arguments showing defects in those claims, Taaffe's non-response indicates abandonment of the claims under *Demien Construction*. Therefore, Taaffe's breach of contract claim, Count V, and breach of union constitution claim, Count VI, are deemed abandoned and dismissed with prejudice

7

based on Taaffe's failure to respond to Defendants' motion to dismiss arguments pertaining to those claims.

## V. Conclusion

For the reasons addressed above, Defendants' motion to dismiss is granted. The Court lacks subject matter jurisdiction over Taaffe's claims because they are preempted by the CSRA. Taaffe's claims arise out of a labor dispute subject to the exclusive administrative remedies of the CSRA, which precludes federal court jurisdiction.

Further, under the principles set forth in *Atkinson*, Defendants Schoenbechler and Mattson are immune from Taaffe's suit against them in their individual capacities based on their conduct as union officials.

Finally, Taaffe is deemed to have abandoned his breach of contract and breach of union constitution claims by failing to respond to Defendants' dismissal arguments pertaining to those claims.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss, (Dkt. 23), is **GRANTED. LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 31, 2024                                     s/ Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge